## Levi G. Hetzel, Appellee, v. George M. Fadner, Appellant.

## Gen. No. 15,935.

1. PARTNERSHIP—*construction of contract of, upon dissolution. Held,* that where a contract provides for a credit in favor of one party to the partnership, a corresponding charge must be made against the other co-partner.

2. APPEALS AND ERRORS—*when petition for rehearing may be properly stricken.* A petition for rehearing may properly be stricken if its statements are inaccurate and disrespectful to the court.

Bill in chancery. Appeal from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the October term, 1909. Affirmed in part and reversed in part and remanded with instructions. Opinion filed February 5, 1912. Rehearing denied, February 19, 1912.

HARRIS F. WILLIAMS, for appellant.

JOHN S. HUMMER and CHARLES A. MCDONALD, for appellee.

Hetzel v. Fadner, 167 Ill. App. 92.

Mr. Presiding Justice Brown delivered the opinion of the court.

The complainant and defendant in this case were in partnership for a little over three years from June 11, 1901, in the business of dealing in real estate in Cook county and surrounding counties. They were quite successful in the buying of suburban lots in the vicinity of Chicago and selling them, mostly to non-resident purchasers, on installment contracts. They quarreled, however, and in January, 1904, dissolved partnership, but could not and did not agree as to the manner of liquidating the firm business nor on the proper accounting between themselves, although it was not a complicated matter. It certainly would have been the part of wisdom to do so.

In February, 1904, through the joint efforts of counsel retained by them respectively, an agreement was reached as to the general lines of a settlement of their affairs—all minor matters to be settled by the two lawyers they had engaged, and if the two lawyers could not agree, by a third party chosen by them. Most unwisely also this agreement was allowed to come to nothing, and on March 10, 1904, the complainant Hetzel, by filing a bill of complaint in chancery praying that a dissolution of the copartnership should be "declared" by decree and an accounting made between the partners, began a litigation which after continuing eight years has, in the present case, in one branch of it only, not involving a complete and final disposition of the whole matter nor the relief of the parties from the burden of future expenditures of time, money, energy and temper, brought to this court a record consisting of 2693 typewritten pages, and further printed matter for our consideration of 1379 closely printed book pages. We have considered it at length, but with what counsel and parties must realize was too great an expenditure of our time and attention (limited at

least by the duration of human life and our terms of office), on which the parties in other cases pending here have an equal claim, to leave us with the leisure to discuss in an opinion the multifarious matters of evidence appearing in the transcript and abstract and the elaborate arguments which are made in the respective briefs. We shall not do so.

Master in Chancery Jamieson of the Circuit Court filed in the case a report on March 7, 1908, to which the complainant Hetzel made forty-one objections (one of which was subdivided into eight others), and the defendant Fadner made (in installments) fifty-four. Two of the defendant's objections, which were on purely formal matters, were sustained by the Master. All the other objections were overruled by him and afterwards stood by order of the court as exceptions to the Master's report before the Chancellor. Of this report, however, counsel for defendant Fadner says in argument here: "We contend that Master Jamieson's report on the merits was in the main correct. * * * It is supported by the evidence. We therefore insist * * * that the cause be remanded to the Circuit Court with instructions to that Court to enter a decree in accordance with Master Jamieson's report except as to the expense items, the $1500 Edgewater item and the $500 item concerning which Fadner's exceptions should be sustained."

The Chancellor, however, who considered the report on the exceptions of complainant and defendant on July 1, 1909, disposed of them by overruling all Fadner's exceptions and twenty-three of Hetzel's, and sustaining in whole or in part the remainder of Hetzel's. He also made in said order certain additional findings of fact and conclusions of law. He then proceeded also on July 1, 1909, to enter a decree in the case, from which and from the order disposing of the exceptions to the Master's report Fadner, the defendant, prayed

Hetzel v. Fadner, 167 Ill. App. 92.

and was allowed an appeal to this court.   The Chancellor in the Circuit Court made many findings of fact and law to sustain the ordering part of the decree, which lays down certain rules and adjudicates certain matters in relation to the accounting, but by the instruction to the receivers before appointed to proceed with all convenient speed to settle and liquidate the affairs of said firm, and the express reservation of jurisdiction "for the purpose of hearing and disposing of any and all matters arising out of the receivership or out of the acts or proceedings of the receivers, and for the purpose of winding up and liquidating the affairs of the firm," and for the purpose of entering any further orders or decrees necessary to carry into full force and effect the terms and provisions of the decree then entered, falls short, as before noted, of involving a complete and final disposition of the matters between the parties.

With this decree of July 10th, however, the complainant Hetzel seems satisfied.  He has filed no cross errors. But on this decree, which not only recites that by previous order of the same day the court had confirmed in part and set aside in part the report of said Master Jamieson, but also that a previous report in the case of Master Wait stood approved and confirmed, the appellant Fadner has assigned in this court eighty-nine errors, covering every angle of the record brought up, and so far as said decree is concerned, summing up his objections thereto as follows in the eighty-ninth assignment:

"The said Circuit Court of Cook County erred in entering the said decree of July 1, 1909, in that the said decree is contrary to the evidence, contrary to law, contrary to the Master's report on the merits, and is without anything to support it in the record, it being based not upon the pleadings, not upon the evidence, and not upon the Master's report on the merits and in fact having no legitimate basis whatever."

He closes his assignments of error with a prayer that we may remand the cause with instructions to enter a decree ''which shall be based upon the pleadings and the evidence, and the Master's report upon the merits as modified by the sustaining of Fadner's objections and exceptions thereto.''

As before indicated, we shall not, in stating our conclusion, discuss the cause and the various issues raised.

It is quite evident from the tone of the controversy in this case that no good results could be expected of it. Neither party would be convinced if we differed from his already formed opinions. We have, however, with great care and diligence studied the matter so copiously presented to us, and our conclusion is that we should not disturb or modify the decree or order appealed from, except as to one item involved in the accounting.

In the copartnership agreement of November 7, 1902, which renewed and continued business relations previously entered into between Hetzel and Fadner, the 19th paragraph was this:

''Whereas, on the 1st day of January, 1901, the said George M. Fadner was the owner and possessor of a long established business for the sale of real estate; and whereas, he had in said business gained a vast experience; and whereas, the said Hetzel had no experience in the carrying on of said business and was taken into the full partnership with said Fadner on a certain subdivision in the City of Chicago; and whereas, said copartnership had since said time extended to various other subdivisions; and whereas, it would have cost said Hetzel considerable time and money to gain the knowledge and experience of the said George M. Fadner in the carrying on of a similar business; and whereas, the said Hetzel contributed no money to the said copartnership, therefore it is agreed by said Hetzel

and accepted by said Fadner that upon the final accounting between said copartners the said Fadner shall be entitled to receive from out of the copartnership moneys the sum of One Thousand Dollars ($1000) in excess of his one-half interest in said copartnership assets.''

In disposing in the accounting of this item of $1000 Master Jamieson credited Fadner with it by this item:

"Due from Hetzel under contract, $1000,''
and also charged it against Hetzel under the item,

"Charged against Hetzel under his contract with Fadner, $1000.''

This is the proper method of computing if the meaning of the clause above quoted is to be considered precisely expressed by the words, "Fadner shall be entitled to receive from out of the copartnership moneys the sum of One Thousand Dollars ($1000) in excess of his one-half interest in said copartnership assets.''

It is obvious that if out of a certain fund belonging to A. & B., A. is to receive one thousand dollars more than one-half, B. must receive one thousand dollars less than one-half.

In sustaining "Exception 9 (e)'' to the Master's report, however, the Chancellor made the following ruling:

"Exception nine (e) is sustained to the extent that the sum of $1000 mentioned in the contract of November 17th, 1902, should be credited to Fadner's account and charged against the firm, and should not be charged against Hetzel personally, as was done by the Master.''

To justify this ruling by the Chancellor on this one thousand dollar item, counsel for Fadner in their argument first refer to Hetzel's testimony as showing that his understanding agreed with the Chancellor's interpretation of the contract, then argue on the injustice under the circumstances of any allowance whatever on

this account to Hetzel, and conclude by saying that "the Chancellor placed himself in the position of the two contracting parties as of the date of the making of the agreement, and endeavored to ascertain their intention from the whole agreement."

The language of the agreement is too plain to admit of construction of this kind. The amount provided for as compensation for Hetzel's being otherwise allowed an equal interest in the firm was one thousand dollars to be subtracted from Hetzel's half and added to Fadner's half. The construction adopted by the Chancellor makes this amount but $500.

In this particular the order of July 1, 1909 (disposing of the exceptions to the Master's report), and the decree of July 1, 1909, must be modified. In all other particulars we have determined, after diligent examination, that the Chancellor was right, or at least that there is no such preponderance of evidence on the facts or such error in his conclusions of law as to require us to disturb or to justify us in disturbing his decision.

The costs in this court will be divided, each party to pay one-half the costs in this Court. The cause will be remanded to the Circuit Court with instructions to modify the order of July 1, 1909, disposing of the objections to the Master's report, and the decree of July 1, 1909, appealed from, in the single matter indicated in this opinion. In all other respects the said order and decree are affirmed.

*Affirmed in part and reversed in part and remanded with instructions.*

OPINION ON PETITION FOR REHEARING.

PER CURIAM. The petition for rehearing filed by the solicitors for the appellant in this case is denied. We do not desire to modify the opinion filed in the cause, but feel it our duty to place upon record our disapprobation of the statements of said petition.

In the petition it is repeatedly stated that, except for one matter, as to which we directed the modification of the decree of the Chancellor below, his decree and order of July 1, 1909, was affirmed by us *pro forma*. This statement is entirely unjustified. The statements of the opinion should have prevented counsel from so believing or so stating. In that opinion we said we had considered the record in the matter placed before us at length and had studied it with great care and diligence. After discussing at length the item in which the decree below was modified, we say that ''In all other particulars we have determined, after diligent examination, that the Chancellor was right, or at least that there is no such preponderance of evidence on the facts or such error in his conclusions of law as to require us to disturb or to justify us in disturbing his decision.''

The statute which governs our opinions says that they shall be reduced to writing and briefly give the reasons for such opinion or decision. This we have done in the opinion filed in the language indicated. The inaccuracy and impropriety of the statements and language of this petition would have justified us in striking it from the files.